**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>      v.<br><br>STEVEN BRADLEY MELL,<br><br>                 Defendant. | Case No. 2:18-cr-00757 (BRM)<br><br>**OPINION FILED UNDER SEAL** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court are *pro se* Defendant Steven Bradley Mell's ("Defendant") (1) Motions to Compel discovery pursuant to *Brady v. Maryland* (ECF Nos. 145, 162); and (2) Motions to Compel the production of documents (ECF Nos. 146, 149). The Government filed a brief opposing the Motions. (ECF No. 160.) Defendant filed a reply (ECF No. 170) and a supplemental brief (ECF No. 174). Having reviewed the submissions filed in connection with the Motions, and having declined to hear oral argument, for the reasons set forth below and for good cause having been shown, Defendant's Motions are **DENIED**.

**I.    BACKGROUND**

On June 17, 2019, Defendant pleaded guilty to an information charging him with (1) receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2), and (2) travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b), for his conduct occurring between May 2017 and December 2017. (ECF Nos. 41, 43.) On June 18, 2019, the Court sentenced Defendant to 84 months of imprisonment, followed by five years of supervised release. (ECF No. 45.)

On January 5, 2022, Defendant filed a Motion to Compel,[1] seeking an order compelling production of documents allegedly withheld by the Government in violation of Federal Rule of Evidence 412(b)(1)(C) and "constitutional law § 840.2." (ECF No. 146 at 1.)

On January 27, 2022, Defendant filed a Motion to Compel to "request the Government to produce all withheld evidence as sanctioned by *Brady v. Maryland*." (ECF No. 145 at 1.)

On April 12, 2022, the Court established a briefing schedule for Defendant's discovery motions. (ECF No. 155.) Following two extensions of time for the Government's response (ECF Nos. 157, 159), the Government filed a brief in opposition to Defendant's motions on June 6, 2022 (ECF No. 160). Also on June 6, 2022, Defendant filed a second Motion to Compel pursuant to *Brady*. (ECF No. 162; *see also* ECF No. 165.) Following the Court's grant of Defendant's request for additional time to file a reply to the Government's opposition (ECF No. 169), Defendant filed a reply brief on June 30, 2022 (ECF No. 170). On August 22, 2022, Defendant filed a supplemental brief to compel *Brady/Giglio* material. (ECF Nos. 174, 175.)

## II. LEGAL STANDARD

"There is no general constitutional right to discovery in a criminal case . . . ." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) (quoting *Wardius v. Oregon*, 412 U.S. 470, 474 (1973)). The Third Circuit has explained that, unlike "the wide-ranging discovery permitted in civil cases," discovery in criminal cases is limited and is largely governed by Rule 16 of the Federal Rules of Criminal Procedure, "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." *United States v. Ramos*, 27 F.3d 65, 68 (3d Cir. 1994).

---

[1] Defendant filed an identical motion on February 25, 2022. (ECF No. 149.)

Rule 16 protects criminal defendants by requiring the Government to disclose certain evidence material to the charges at issue. *Yates v. United States*, 574 U.S. 528, 539 (2015); *see* Fed. R. Crim. P. 16. Before the Government is required to produce evidence under Rule 16, the defendant must make a *prima facie* showing of materiality. *United States v. RMI Co.*, 599 F.2d 1183, 1188 (3d Cir. 1979); *accord United States v. Mark*, No. 2006-80, 2007 U.S. Dist. LEXIS 96662, at *3 (D.V.I. Sep. 25, 2007). "Materiality means more than that the evidence in question bears some abstract logical relationship to the issues in the case." *RMI Co.*, 599 F.2d at 1188 (citation omitted). To demonstrate materiality, a defendant must provide "some indication that the pretrial disclosure of the disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor." *Id*.

In addition to the obligations imposed on the Government by Rule 16, *Brady* and its progeny expressly prohibit the Government from withholding material evidence "favorable to an accused" and "material to [his] guilt or to punishment," *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Cone v. Bell*, 556 U.S. 449, 451 (2009), including any evidence that can be used to impeach testifying witnesses, *Giglio v. United States*, 405 U.S. 150, 154 (1972). However, unlike Rule 16, "*Brady* 'is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation.'" *United States v. Starusko*, 729 F.2d 256, 262 (3d Cir. 1984) (quoting *United States v. Beasley*, 576 F.2d 626, 630 (5th Cir. 1978), *cert. denied*, 440 U.S. 947 (1979)). The duty to disclose exculpatory evidence exists "even when there has not been a request for the information by the defense." *United States v. Perdomo*, 929 F.2d 967, 970 (3d Cir. 1991) (citing *United States v. Agurs*, 427 U.S. 97 (1976)). As a general rule, to establish a *Brady* violation, "a defendant must show that: (1) evidence was suppressed; (2) the suppressed evidence was favorable to the defense; and (3) the suppressed

3

evidence was material either to guilt or to punishment." *United States v. Pelullo*, 399 F.3d 197, 209 (3d Cir. 2005) (citation omitted).

### III. DECISION

By his motions to compel the production of documents, Defendant seeks an order compelling the Government to produce documents allegedly withheld, "includ[ing] but not limited to ALL psychological medical records of [the victim] commencing from June 2015 to present." (ECF No. 146 at 1; ECF No. 149 at 1.) He claims to have "been made aware of the existence of such documents and provided in part through discovery in a civil suit filed in the State of New Jersey case no. ESX-L-7200-19." (ECF No. 146 at 1.) Defendant claims "these and potentialy [sic] other documents were withheld from [Defendant] by his own attorney Robert Bianchi"[2] and "[t]he Government has also failed to provide such documents in an effort to protect their case and there is certainly a 'reasonable probability' of a different result that would directly impact the outcome of [Defendant]'s criminal case if these documents were produced." (*Id.*)

By his first motion to compel *Brady* material, Defendant seeks production of all exculpatory evidence allegedly withheld, "including but not limited to the complete medical records of [the victim] from June 2015 to present in their unredacted form." (ECF No. 145 at 1.) He also requests "the withheld FBI (302) investigative reports taken." (*Id.*) Defendant claims attorneys in the civil case are "trying to bar [Defendant] from any further discovery." (*Id.*) In his second *Brady* motion, Defendant renews the request for the victim's medical records and FBI 302 reports and adds requests for "[a]ll text messages withheld from Defendants [sic] from the Extraction report of [the victim's] Iphone" and "[a]ll alleged photographs retrieved of <u>any</u>

---

[2] Defendant was represented by Mr. Bianchi through the execution of the plea agreement. (ECF No. 43.)

electronic or storage device under [Defendant]'s possession, specifically all alleged pornographic material the government relies on." (ECF No. 162 at 1–3). He claims to have seen text messages in his civil case "that were not produced by the Government per their Certified Extraction Report." (*Id.* at 2.) He claims "there is only (1) one picture that depicts nudity and is not pornographic as per 18 U.S.C. § 2252A(a)(2). The Government has alleged to possess other pornographic material that they reuse [sic] to produce." (*Id.*) Defendant alleges he "is now aware of at least (4) four FBI 302 statements that exist and never produced" and claims there are references in the civil case "to more 'newly' discovered evidence and other victims. Again, as [Defendant] has stated repeatedly and under oath there were no other victims. The only sexual relationship he had was with [the minor victim] and [the victim's sister] with the mothers [sic] full consent and blessing." (*Id.* at 3.)

The Government argues it does not have a continuing *Brady* obligation post-conviction. (ECF No. 160 at 2–3.) The Government also contends the records would have no impact on Defendant's criminal convictions. (*Id.* at 3–4.)

In reply, Defendant claims he would not have entered the guilty plea had the evidence been disclosed, and the Government is obligated to produce the materials requested. (ECF No. 170 at 2.) His remaining contentions are without merit as they take the form of either challenges to the legal sufficiency of the Government's case against him or accusations against the Government and the victim's family. (*See generally id.*)

Although Defendant frames the Motions as requests for exculpatory material, therefore implicating *Brady/Giglio*,³ the Court will nonetheless analyze the Motions under both Rule 16 and

---

³ Defendant also cites Federal Rule of Evidence 412(b)(1)(C), "constitutional law § 840.2" and Federal Rule of Civil Procedure 60(b)(2) as bases for discovery. (ECF Nos. 146, 160.) However, as noted above, discovery in criminal cases is limited to that which is permitted pursuant to Rule 16 of the Federal Rules of Criminal Procedure "with some additional material being discoverable

5

*Brady/Giglio. See Ramos*, 27 F.3d at 68 (explaining Rule 16 delineates the categories of information to which defendants are entitled in criminal cases, with additional material being discoverable under *Brady/Giglio*).

Defendant is not entitled to discovery under Rule 16, which "governs only pretrial discovery." *United States v. Deaner*, 1 F.3d 192, 199 (3d Cir. 1993) (citing *United States v. Nobles*, 422 U.S. 225, 235 (1975)). Rule 16 does not require the Government to engage in post-conviction discovery. *See United States v. Liang*, No. 4:17-CR-00001, 2021 U.S. Dist. LEXIS 221132, at *6 (E.D. Tex. Nov. 16, 2021); *see also United States v. Jeffries*, No. 1:07cr56, 2010 U.S. Dist. LEXIS 29390, at *3 (W.D.N.C. Mar. 3, 2010) ("Rule 16 does not create any duty on the part of the Government to engage in post-conviction discovery."); *United States v. Astacio-Espino*, No. 12-200, 2017 U.S. Dist. LEXIS 229484, at *4 (D.P.R. Feb. 13, 2017) ("[T]he continuing duty of parties to disclose under the Rule ends upon conviction . . . ."); *United States v. Cope*, No. 99-33, 2016 U.S. Dist. LEXIS 150851, at *2 (E.D. Ky. June 8, 2016) ("Rule 16, however, does not authorize post-conviction discovery."). Defendant pleaded guilty on June 17, 2019, and a judgment of conviction was entered the following day. (ECF Nos. 41–45.) Accordingly, Defendant is not entitled to post-conviction discovery under Rule 16.

Nor does *Brady* entitle Defendant to the discovery he requests. "To constitute a *Brady* violation, the nondisclosure must do more than impede the defendant's ability to prepare for trial; it must adversely affect the court's ability to reach a just conclusion, to the prejudice of the defendant." *Starusko*, 729 F.2d at 262 (citing *United States v. Campagnuolo*, 592 F.2d 852, 861–62 (5th Cir. 1979)). "No denial of due process occurs if *Brady* material is disclosed . . . in time for

---

in accordance with statutory pronouncements and the due process clause of the Constitution." *Ramos*, 27 F.3d at 68.

its effective use at trial." *United States v. Higgs*, 713 F.2d 39, 44 (3d Cir. 1983) (citations omitted). "District courts in this circuit have recently noted that '[i]t remains an open question in this circuit whether a petitioner who pled guilty was entitled to *Brady* material before entering his plea, and the remaining circuits are split as to that question.'" *Jones v. United States*, No. 14-4655, 2017 U.S. Dist. LEXIS 155916, at *14 (D.N.J. Sep. 20, 2017) (alteration in original) (citing *Shapiro v. United States*, No. 14-1316, 2017 U.S. Dist. LEXIS 31808, at *13–14 (D.N.J. Mar. 6, 2017) (collecting cases indicating a split as to whether *Brady* applies to cases involving guilty pleas)). The Third Circuit has not yet addressed the issue. In *United States v. Brown*, 250 F.3d 811 (3d Cir. 2001), the Third Circuit assumed for the sake of argument "that Brady may require the government to turn over exculpatory information prior to entry of a guilty plea," but explicitly did not so hold, finding the defendant in that case would not be entitled to relief even if *Brady* applied. *Id.* at 816 n.1.

Defendant pleaded guilty to 18 U.S.C. § 2423(b), which prohibits travel in interstate commerce "with a motivating purpose of engaging in any illicit sexual conduct with another person." 18 U.S.C. § 2423(b). The term "illicit sexual conduct" is defined as a sexual act with a person under 18 years of age. 18 U.S.C. § 2423(f). Defendant also pleaded guilty to 18 U.S.C. § 2252A(a)(2)(A), which prohibits any person from knowingly receiving or distributing any child pornography using any means or facility of interstate commerce. Defendant fails to explain what his victim's medical records would show that would exculpate him from liability under either 18 U.S.C. § 2423(b) or 18 U.S.C. § 2252A. *Brady* applies only to exculpatory evidence. *See United States v. Kendall*, 766 F.2d 1426, 1440 (10th Cir. 1985) ("The Supreme Court has made it clear, however, that *Brady* does not extend beyond . . . exculpatory evidence.") Accordingly, he is not entitled to the victim's medical records under *Brady*.

Defendant's requests for "the entire and complete data Extraction Reports from the alleged victim and [Defendant]'s iphones and any electronic devices," "the complete 302 files and any statements withheld by the FBI," and "all photographs the government relies on as being pornographic or even sexual in nature" fail for the same reason. Defendant fails to explain what, in any of those documents, would have any bearing on his guilt or innocence of the crimes charged. Accordingly, he is not entitled to any of the documents he requests under *Brady*.

Moreover, the mere possibility the materials Defendant requests might contain information favorable to Defendant's defense is insufficient to compel their production. *Maynard v. Gov't of Virgin Islands*, 392 F. App'x 105, 115 (3d Cir. 2010) ("*Brady* is not a discovery rule, and it is neither designed nor intended to enable the defendant to present the most effective case possible."); *see also Kokinda v. Coleman*, Civ. A. No. 13-02202, 2017 U.S. Dist. LEXIS 64895, at *48 (E.D. Pa. Apr. 27, 2017) ("*Brady* does not require disclosure of information that might merely form the groundwork for possible arguments or defenses."), *report and recommendation adopted,* 2017 U.S. Dist. LEXIS 80115 (E.D. Pa. May 24, 2017). "Because *Brady* is a disclosure—and not a discovery—rule, absent a defendant's showing that *Brady* material has not been disclosed, 'the prosecutor's decision on disclosure is final. [A] [d]efen[dant] . . . has no constitutional right to conduct his own search of the [government]'s files to argue relevance.'" *United States v. Fields*, No. 15-129, 2021 U.S. Dist. LEXIS 164409, at *26 (E.D. Pa. Aug. 31, 2021) (alterations in original) (quoting *Pennsylvania v. Ritchie*, 480 U.S. 39, 59–60 (1987)). The breadth of Defendant's requests—access to the entirety of the victim's medical records, FBI reports, photographs, and phone data—supports the conclusion that he is on a fishing expedition to locate information with the hope he might bolster his defense in the civil case. Plainly, this is not an appropriate application of *Brady*. Accordingly, Defendant's Motions are **DENIED**.

### IV. CONCLUSION

For the reasons set forth above, Defendant's Motions to Compel discovery pursuant to *Brady v. Maryland* (ECF Nos. 145, 162), and Motions to Compel the production of documents (ECF Nos. 146, 149) are **DENIED**. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: August 25, 2022