<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>STEVEN BRADLEY MELL,<br><br>        Defendant. | Case No. 2:18-cr-00757 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* Defendant Steven Bradley Mell's ("Mell") Motion to Return All Property Seized by the United States Government Pursuant to Federal Rule of Criminal Procedure 41(g). (ECF No. 188 ("Mell's Motion").) Plaintiff United States of America (the "Government") filed an opposition (ECF No. 192) and supplement to its opposition (ECF No. 195), counsel for non-party B.B.[1] filed a letter in lieu of a more formal opposition (ECF No. 216), and Mell filed a reply (ECF No. 202). Mell subsequently submitted additional letters and exhibits in further support of his Motion. (ECF Nos. 203, 205, 206.) The Government filed a supplemental response (ECF No. 207), and Mell filed a supplemental reply (ECF No. 208). Mell later filed additional letters in further support of his Motion.[2] (ECF Nos. 209, 218, 219.)

---

[1] B.B. is the plaintiff in a separate civil matter, *B.B. v. Mell et al.*, Docket No. ESX-L-7200-19, pending in New Jersey Superior Court, Law Division, Essex County (the "State Court Action"). (*See* ECF No. 216 at 1.)

[2] The Court notes Mell filed these additional filings despite the Court's September 7, 2023 Text Order stating "there will be no further submissions on this issue." (ECF No. 204.) However, because Mell is a *pro se* litigant, the Court considered the substance of his additional filings despite his non-compliance with this Order.

Also before the Court is counsel for non-party Kimberly Ruggles Mell's ("Ms. Mell"[3]) letter request related to Mell's Motion. (ECF No. 196.) Further, before the Court is a motion filed by counsel for non-party Kimberly Ruggles Mell 2012 Family Trust ("KRM Trust"[4]) in further support of Mell's Motion ("KRM Trust's Motion"), which was filed with the Court's permission.[5] (ECF Nos. 214, 215.[6]) Ms. Mell's counsel filed a letter joining KRM Trust's Motion. (ECF No. 217.) Having reviewed the parties' and non-parties' submissions filed in connection with the motions and having declined to hold oral argument or an evidentiary hearing,[7] for the reasons set forth below and for good cause having been shown, Mell's Motion (ECF No. 188) is **GRANTED IN PART and DENIED IN PART**, Ms. Mell's letter request (ECF No. 196) is **GRANTED**, and KRM Trust's Motion (ECF No. 214) is **DENIED**.

## I.    BACKGROUND

On June 17, 2019, Mell pled guilty to an Information charging him with (1) receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2), and (2) interstate travel to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b). (ECF Nos. 41, 43.) As part of his plea

---

[3] Ms. Mell is Mell's ex-wife and is a co-defendant in the State Court Action. (*See* ECF Nos. 182, 196, 217.)

[4] KRM Trust is a co-defendant in the State Court Action. (ECF No. 212 at 1.)

[5] On November 15, 2023, counsel for the KRM Trust filed a letter with the Court in further support of Mell's Motion. (ECF No. 212.) On November 16, 2023, the Court ordered KRM Trust to file a formal motion in further support of Mell's Motion (ECF No. 213), which KRM Trust did on December 8, 2023 (ECF No. 214).

[6] ECF No. 215 is a sealed exhibit KRM Trust submitted in support of its motion.

[7] The Third Circuit has held that an evidentiary hearing is required for a Rule 41(g) motion if there are disputed issues of fact necessary to resolve the motion. *United States v. Chambers*, 192 F.3d 374, 378 (3d Cir. 1999); *United States v. Albinson*, 356 F.3d 278, 283 (3d Cir. 2004). Here, the Court does not find any disputed issues of fact in this matter exist that would require an evidentiary hearing.

agreement, Mell agreed to forfeit certain items seized including: (1) "all computer and computer accessories on which law enforcement, in or about May 2018, discovered visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code"; (2) "all visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code that were produced, transported, shipped, or received in violation of chapter 109A of Title 18, United States Code"; (3) "all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offenses charged in the Information"; and (4) "all property, real and personal, used or intended to be used to commit or to promote the commission of the offenses charged in the Information and all property traceable to such property" (collectively, the "Forfeitable Property"[8]). (ECF No. 43 at 5; *see also* ECF No. 186 (Final Order of Forfeiture[9]).) Mell "agree[d] to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal."

---

[8] Specifically, the Forfeitable Property includes: (1) one Dell Dimension computer, serial number BSCMK11; (2) one Dell Precision computer, serial number C9TSTR1; (3) one black iPhone 8, model A1863, IMEI: 356699085317740; (4) two Cruzer Micro 512MB thumb drives; (5) one Garmin Navdata device in a white envelope; (6) one DVR UMAX FLEX "Main House," VMC161412320217; (7) one DVR UMAX FLEX "Barn," VMC161413030206; (8) one iPhone, IMEI 358813054826346; (9) one Apple MacBook Pro, serial number C2VF8M3XDH2G; (10) one Dell Inspiron 1800, model PPO1X; and (11) one 8G SanDisk Memory Vault, serial number 113701300199. (ECF No. 186 at 6.)

[9] On December 20, 2018, the Court issued a Preliminary Order of Forfeiture as to Specific Property, which was a final order as to Mell, but allowed third parties to claim interest in the property. (ECF No. 31.) The Government subsequently received a request from Ms. Mell to return a seized Lacie external hard drive (serial number 15661310241814QR) to her, and after receiving that letter, the Government submitted a Partial Vacatur of the Preliminary Order of Forfeiture to allow this hard drive to be returned to her. (ECF No. 51; *see also* ECF No. 182 (Ms. Mell's application to the Court seeking return of this Lacie hard drive and noting the Government consented to her application).) On January 24, 2023, the Court issued a Partial Vacatur of the Preliminary Order of Forfeiture as to Specific Property to allow for the return of the Lacie hard drive to Ms. Mell (ECF No. 185) and a Final Order of Forfeiture as to Specific Property as to Mell (ECF No. 186).

(ECF No. 43 at 5.) Mell also waived any and all claims that this forfeiture constituted an excessive fine and agreed this forfeiture did not violate the Eighth Amendment. (*Id.*) On June 18, 2019, the Court sentenced Mell to eighty-four months of imprisonment, followed by five years of supervised release. (ECF No. 45.) Mell is currently incarcerated at FCA Fort Dix. (ECF No. 211.)

On March 2, 2023,[10] Mell filed a Motion to Return All Property Seized by the United States Government Pursuant to Federal Rule of Criminal Procedure 41(g). (ECF No. 188.) The Government filed an opposition (ECF No. 192) and supplement to its opposition (ECF No. 195), B.B.'s counsel filed a letter in lieu of a more formal opposition (ECF No. 216), and Mell filed a reply (ECF No. 202). Mell subsequently submitted additional letters and exhibits in further support of his Motion. (ECF Nos. 203, 205, 206.) The Government filed a supplemental response (ECF No. 207), and Mell filed a supplemental reply (ECF No. 208). Mell later filed additional letters in further support of his Motion. (ECF Nos. 209, 218, 219.) On June 29, 2023, Ms. Mell's counsel filed a letter request related to Mell's Motion. (ECF No. 196.) On December 8, 2023, KRM Trust filed a motion in further support of Mell's Motion (ECF Nos. 214, 215), and Ms. Mell joined KRM Trust's Motion (ECF No. 217). The Court addresses these motions in turn.

## II.   LEGAL STANDARD

Federal Rule of Criminal Procedure 41(g) ("Rule 41(g)") provides "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g).[11] The aggrieved individual must file such a motion in

---

[10] Mell's Motion is dated February 16, 2023, but was docketed on March 2, 2023. (ECF No. 188.)

[11] Rule 41 was amended in 2002 "as part of the general restyling of the Criminal Rules to make them more easily understood and to make style and terminology consistent throughout the rules." Fed. R. Crim. P. 41 Advisory Committee Notes to 2002 Amendments. "As a result of the 2002 amendments, the previous Fed. R. Crim. P. 41(e) now appears with minor stylistic changes as Rule

the district where the individual's property was seized. *Id.* "A Rule 41(g) motion for the return of property is an independent civil action for equitable relief." *United States v. Pitts*, 639 F. App'x 105, 107 (3d Cir. 2016). "It is well settled that the government is permitted to seize evidence for use in investigation and trial, but that such property must be returned once criminal proceedings have concluded, unless it is contraband or subject to forfeiture." *United States v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999). "If a defendant files such a motion after the conclusion of criminal proceedings, the burden is on the Government to 'demonstrate that it has a legitimate reason to retain the property.'" *Pitts*, 639 F. App'x at 107 (quoting *Chambers,* 192 F.3d at 376). "The burden on the government is heavy because there is a presumption that the person from whom the property was taken has a right to its return." *Id.* (quoting *United States v. Albinson*, 356 F.3d 278, 280 (3d Cir. 2004)).

"Rule 41(g) is concerned with those whose property or privacy interests are impaired by the seizure." *United States v. Nocito*, 64 F.4th 76, 80 (3d Cir. 2023) (citation omitted). It "allows persons deprived of property by the government to petition the courts to get it back." *Id.* at 78. "However, Rule 41(g) cannot be used to recover property that has already been forfeited to the Government." *Williams v. Drug Enf't Admin.*, 620 F. App'x 72, 74 (3d Cir. 2015); *see also Albinson*, 356 F.3d at 280 ("Property seized by the government as part of a criminal investigation 'must be returned once criminal proceedings have concluded, unless it is contraband or subject to forfeiture.'" (quoting *Chambers*, 192 F.3d at 376)); *United States v. Pelullo*, 178 F.3d 196, 201–02 (3d Cir. 1999) (noting a criminal forfeiture order "acts to divest the defendant of any remaining

---

41(g)." *Albinson*, 356 F.3d at 279 n.1. The Court refers to "Rule 41(g)" in this Opinion but incorporates relevant case law referencing the old "Rule 41(e)."

interest in the property" and "conclusively determines all of the defendant's interest in the forfeited property").

The Third Circuit has held courts must hold an evidentiary hearing for a Rule 41(g) motion if there are disputed issues of fact necessary to resolve the motion. *Chambers*, 192 F.3d at 378. "An evidentiary inquiry ensures that a district court has sufficient information to decide a Rule 41(g) motion." *Albinson*, 356 F.3d at 282. But courts "need not necessarily conduct an evidentiary hearing on every Rule 41(g) motion"; courts only need to hold an evidentiary hearing if there are factual issues necessary to decide the motion. *Id.* at 281–82 (citing Fed. R. Crim. P. 41(g)).

### III.   DECISION[12]

#### A.   Mell's Motion

Pursuant to Rule 41(g), Mell seeks the return of certain property seized from him at the time of his arrest. (ECF No. 188.) Mell argues the federal government and the Federal Bureau of Investigation ("FBI") unlawfully seized personal property from him and his ex-wife Ms. Mell including but not limited to (1) devices storing family photos, videos, and other memorabilia Mell states cannot be replaced and do not exist elsewhere,[13] and (2) items Mell contends have no relevance to his criminal case including Garmin GPS update cards, disks, and thumb drives used solely for aviation software updates and the like. (*See id.* at 2.) Mell asserts he was unaware he could have requested these devices be returned to him "years ago" because of advice he received

---

[12] The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. *See Peloro v. United States*, 488 F.3d 163, 172 (3d Cir. 2007); *see also United States v. Bein*, 214 F.3d 408, 411 (3d Cir. 2000) ("A district court has jurisdiction to entertain a [Rule 41(g)] motion for return of property even after the termination of criminal proceedings against the defendant and such an action is treated as a civil proceeding for equitable relief." (citations omitted)).

[13] Mell asserts this includes family photos of his ex-wife's children, which are not available in any other format, and his childhood images and videos taken by his parents, which likewise do not exist elsewhere. (*See* ECF No. 188-1 at 2; ECF No. 188-2.)

6

from his counsel at the time who he states told him his devices had to be turned over as a part of his acceptance of the plea deal. (*Id.*) Mell states had he been aware of this, he would have demanded his property be returned sooner. (*Id.*) Mell further argues "there is no apparent reason why the government cannot retain copies of 'documentary evidence' and return the original devices to the Mell family." (*Id.* at 3.) Mell contends this property does not contain any illegal images, videos, or other contraband. (*Id.* at 2.)

In opposition, the Government asserts Mell forfeited and waived all interest in certain property as part of his plea agreement, and therefore Mell is not entitled to the return of the Forfeitable Property.[14] (ECF No. 192 at 2–3.) Additionally, the Government argues certain other items "should not be returned to Mell because they are either contraband or are traceable to the offenses charged in the Information" including (1) Mell's New Jersey firearm application and (2) cards, letters, and notes, which the Government states Mell exchanged with "other potential female victims who may have been minors at the time the communications" and "is therefore traceable to property used or intended to be used to commit or to promote the commission of the offenses charged in the Information[.]" (ECF No. 195 at 2.) However, the Government does not object to returning to Mell "any seized evidence that is not contraband, subject to forfeiture, or which [Mell] is not otherwise entitled to lawfully possess." (ECF No. 192 at 2.) In particular, the Government determined certain seized items were not subject to forfeiture or otherwise contraband and therefore agreed to return to Mell the following: (1) ten hotel key cards; (2) notes from Mell's wife; (3) a Travelocity email receipt; (4) a Computer Dell Precision, CVFKC42; (5) a pilot log; (6) handcuffs; (7) a cab receipt; (8) a USB flash drive from Stevens Aviation; (9) a 46G thumb

---

[14] *See supra* n.8.

drive – Augusta Westland; (10) a micro SD card; (11) a CD with red handwriting; (12) a letter addressed to Mell; (13) an AmEx bill dated 04/10/2018; (14) a Bank of America statement dated 03/18/2018-04/17/2018; (15) a Nantucket Island Cab business card; (16) a Sonic D. Limousine card; (17) a photobook for the plane; and (18) network area storage Netgear Ready NAS 1SA488R7004FE. (*Id.* at 3–4.) After further investigation, the Government concluded the following additional seized items were also not subject to forfeiture and accordingly can be returned to Mell: (1) certain Rhode Island court documents; and (2) a letter postmarked April 23, 2018 and addressed to Mell. (ECF No. 195 at 2.) The Government submits Mell's Motion should be granted in part and denied in part in accordance with its opposition submissions. (*Id.* at 3.)

Separately, B.B.'s counsel filed a letter in lieu of a more formal opposition to Mell's Motion. (ECF No. 216.) B.B. fully adopts and joins the Government's opposition and agrees the communications on Mell's cell phones should not be returned to him. (*Id.* at 1–2.) B.B. further asserts if the Court determines these communications should be returned to Mell, then they should be marked as "Confidential" pursuant to the parties' Confidentiality and Protective Order. (*Id.* at 2.)

In reply, Mell argues: (1) his former counsel allegedly provided him incorrect advice regarding forfeiture in 2019[15]; (2) "[t]he forfeited items were not used for nor intended to commit or promote illegal offenses"; (3) the Government "has set precedent" by agreeing to return certain items him and Ms. Mell; and (4) the forfeited items purportedly contain exculpatory evidence that he needs in his state and federal appeals cases. (ECF No. 202 at 1.) Mell asserts he pled guilty to

---

[15] Mell claims his former counsel told him in 2019 that he had to forfeit certain items as part of his plea deal but states he has since learned this statement was "factually and legally incorrect." (ECF No. 202 at 2.)

two specific charges—(1) receipt of child pornography (two photographs) in violation of 18 U.S.C. § 2252A(a)(2), and (2) travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b)—but contends his new counsel informed him the two photographs do not meet the legal definition of pornography. (*See id.* at 2.) Mell further submits the only evidence showing he received these two photographs are messages from the victim's phone; however, *his* electronic devices did not contain any illegal material or contraband and therefore should be returned to him. (*Id.*) Mell does not contest the Government retaining his New Jersey firearm application, but argues the "cards, letters, and notes" should be returned to him because he states those are correspondence between him and someone who is twenty-five years old, and he asserts the FBI established there were no other alleged victims in 2018. (*Id.* at 3–4.) Mell says he does not want to retain this correspondence but contends this evidence is related to his criminal appeals and should be sent to his counsel Michael Roberts. (*Id.* at 4.) Mell maintains the memorabilia and life memories on the seized property rightfully belong to him and his family but states he does not object to the Government keeping a copy of all data seized. (*Id.*)

Mell further argues the evidence produced in discovery in the State Court Action shows he did not meet the elements of the charged crimes in the Information and that the Government was aware of this.[16] (ECF No. 203 at 2.) According to Mell, the Government is refusing to return his

---

[16] To the extent Mell is attempting to use his Rule 41(g) motion to challenge his criminal conviction, the Court finds this is improper and an impermissible method to do so. Mell cannot use a Rule 41(g) motion for anything other than to request the return of unlawfully obtained property. *See* Fed. R. Crim. P. 41(g); *Bein*, 214 F.3d at 413 ("[Rule 41(g)], even though proceedings under it are treated as general equitable actions, only provides for one express remedy—the return of property."). Also, Mell previously filed (1) a motion for relief under 28 U.S.C. § 2255, which motion was withdrawn on December 28, 2020, and (2) a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), which the Court denied on December 21, 2022. (*See* No. 20-cv-02277, ECF Nos. 1, 44, 46, 51.)

property to him because it supposedly implicates the Government and shows he did not meet the elements of the charged crimes in the Information. (*Id.*) The Government denies any allegation that it is intentionally withholding any property from Mell for any unlawful purpose. (ECF No. 207 at 1–2.) In supplemental filings, Mell reiterates (1) he is entitled to the return of this property; (2) this property does not contain any illegal contraband; and (3) this property purportedly contains relevant and exculpatory evidence that he needs in his state and federal appeals cases. (*See* ECF Nos. 208, 209, 218, 219.) Mell further asserts the discovery produced in the State Court Action is relevant to his Motion and if the Court doubts this, Mell requests an evidentiary hearing. (ECF No. 208 at 2.)

Here, the Court concludes Mell is not entitled to the return of any property subject to the Final Order of Forfeiture because in connection with his plea agreement, he forfeited his interest in certain property[17] including the following: (1) one Dell Dimension computer, serial number BSCMK11; (2) one Dell Precision computer, serial number C9TSTR1; (3) one black iPhone 8, model A1863, IMEI: 356699085317740; (4) two Cruzer Micro 512MB thumb drives; (5) one Garmin Navdata device in a white envelope; (6) one DVR UMAX FLEX "Main House," VMC161412320217; (7) one DVR UMAX FLEX "Barn," VMC161413030206; (8) one iPhone, IMEI 358813054826346; (9) one Apple MacBook Pro, serial number C2VF8M3XDH2G; (10)

---

[17] The Court notes Mell is *not* filing a motion to vacate or set aside his forfeiture, nor is he claiming he was not provided sufficient notice of the forfeiture. *Cf. Williams*, 620 F. App'x at 74 (determining that because the defendant's property had already been forfeited at the time he filed his Rule 41(g) motion, he "could only proceed under the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), which provides 'the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute.'" (quoting 18 U.S.C. § 983(e)(5))); *Chambers*, 192 F.3d at 378 (concluding, in a case where the defendant stated he was not provided notice of the forfeiture, that the district court should "permit him to amend his motion to assert this collateral attack upon the forfeiture").

one Dell Inspiron 1800, model PPO1X; and (11) one 8G SanDisk Memory Vault, serial number 113701300199. (ECF No. 186 at 6.) Mell argues the Government's only reason for refusing to return certain of his property is because he agreed to forfeit it pursuant to his plea agreement. (ECF No. 206 at 2; ECF No. 218 at 1.) However, under Third Circuit precedent, this is sufficient to deny Mell's motion under Rule 41(g). *See Williams*, 620 F. App'x at 74; *Pelullo*, 178 F.3d at 201–02; *see also Winkelman v. United States*, 494 F. App'x 217, 220–21 & n.4 (3d Cir. 2012) (concluding there was no basis for appellant to challenge the forfeiture in his criminal case, and specifically the return of his interest in a bank account, where the bank account was forfeited as part of the criminal proceedings and the forfeiture was part of his criminal judgment; the court stated to obtain return of his interest in the bank account, he first had to succeed in invalidating his judgment, and the court noted that "neither a Rule 41(g) motion nor a civil action under 18 U.S.C. § 983(e) is a proper vehicle for collaterally challenging a criminal judgment of forfeiture"). Additionally, the Court finds Mell is not entitled to the return of his New Jersey firearm application, and indeed, Mell does not contest this. (*See* ECF No. 202 at 3.)

However, the Court determines Mell is entitled to the return of the items deemed not to be contraband or subject to forfeiture, including the following: (1) ten hotel key cards; (2) notes from Mell's wife; (3) a Travelocity email receipt; (4) a Computer Dell Precision, CVFKC42; (5) a pilot log; (6) handcuffs; (7) a cab receipt; (8) a USB flash drive from Stevens Aviation; (9) a 46G thumb drive – Augusta Westland; (10) a micro SD card; (11) a CD with red handwriting; (12) a letter addressed to Mell; (13) an AmEx bill dated 04/10/2018; (14) a Bank of America statement dated 03/18/2018-04/17/2018; (15) a Nantucket Island Cab business card; (16) a Sonic D. Limousine card; (17) a photobook for the plane; (18) network area storage Netgear Ready NAS 1SA488R7004FE; (19) certain Rhode Island court documents; and (20) a letter postmarked April

23, 2018 and addressed to Mell. (*See* ECF No. 192 at 3–4; ECF No. 195 at 2.)

The Court also finds Mell is entitled to the return of the "cards, letters, and notes" purportedly exchanged with "other potential female victims who may have been minors at the time the communications" because this property is not part of the Final Order of Forfeiture; and while the Government argues this property is "traceable to property used or intended to be used to commit or to promote the commission of the offenses charged in the Information," the Court does not agree because this property relates to *other*, *potential* female victims, not the victim referenced in the Information. (*See* ECF No. 195 at 2 (emphasis added); ECF No. 186; ECF No. 26.) The Government bears a heavy burden to show that it has a legitimate reason to retain property after the conclusion of criminal proceedings, *see Pitts*, 639 F. App'x at 107, and the Court finds the Government has not met that burden with respect to these "cards, letters, and notes." At Mell's request, the Court determines these "cards, letters, and notes" should be returned to Mell's counsel Michael Roberts. (*See* ECF No. 202 at 4.)

Therefore, Mell's Motion (ECF No. 188) is **GRANTED IN PART and DENIED IN PART**.[18] Mell's Motion is **GRANTED** as to the following items the Government deemed were not contraband or subject to forfeiture: (1) ten hotel key cards; (2) notes from Mell's wife; (3) a Travelocity email receipt; (4) a Computer Dell Precision, CVFKC42; (5) a pilot log; (6) handcuffs; (7) a cab receipt; (8) a USB flash drive from Stevens Aviation; (9) a 46G thumb drive – Augusta

---

[18] To the extent Mell may be seeking monetary damages for, or related to, his forfeited property, the Court lacks jurisdiction over this request. *See Bein*, 214 F.3d at 410, 413 ("[W]e find that sovereign immunity bars a claim against the Government seeking money damages under Rule 41[g.] . . . [Rule 41(g)], even though proceedings under it are treated as general equitable actions, only provides for one express remedy—the return of property."); *id.* at 416 (remanding to the district court for "dismissal for lack of jurisdiction insofar as the [Rule 41(g)] motion sought and the order awarded monetary damages").

Westland; (10) a micro SD card; (11) a CD with red handwriting; (12) a letter addressed to Mell; (13) an AmEx bill dated 04/10/2018; (14) a Bank of America statement dated 03/18/2018-04/17/2018; (15) a Nantucket Island Cab business card; (16) a Sonic D. Limousine card; (17) a photobook for the plane; (18) network area storage Netgear Ready NAS 1SA488R7004FE; (19) certain Rhode Island court documents; and (20) a letter postmarked April 23, 2018 and addressed to Mell. (*See* ECF No. 192 at 3–4; ECF No. 195 at 2.) Mell's Motion is also **GRANTED** as to the "cards, letters, and notes" referenced in the Government's supplement to its opposition. (*See* ECF No. 195 at 2.) However, Mell's Motion is **DENIED** as to Mell's New Jersey firearm application and any property that is contraband and/or subject to forfeiture as reflected in the Final Order of Forfeiture.[19] (*See* ECF No. 186; ECF No. 195 at 2.)

### B. Ms. Mell's Letter Request

On June 29, 2023, Ms. Mell's counsel filed a letter request related to Mell's Motion, asking for the Court's assistance with two matters. (ECF No. 196.) First, Ms. Mell's counsel requests the Court assistance in getting the Government to return the Lacie external hard drive (serial number 15661310241814QR)[20] to Ms. Mell, stating that despite the Court ordering the Government to return this hard drive to Ms. Mell back in January 2023, and despite multiple inquiries and communications with the Government about this since then, the Government has yet to return this

---

[19] Because the Court denies Mell's Motion with respect to property forfeited as reflected in the Final Order of Forfeiture, which includes Mell's cell phones, the Court denies as moot B.B.'s request regarding the confidentiality of the communications on those phones. (*See* ECF No. 216 at 2.) Additionally, the Court notes Mell repeatedly asserts the Government failed to respond to the Court's January 9, 2023 Order in a separate civil matter (ECF No. 54, No. 20-cv-02277) and the Court's September 7, 2023 Order in this matter (ECF No. 204), but the Government did file letters in response to both of those Orders (*see* ECF No. 207; No. 20-cv-02277, ECF No. 61), so the Court does not address Mell's claims to the contrary (*see* ECF No. 208 at 1; ECF No. 209 at 1–2; ECF No. 218 at 1–2, 4; ECF No. 219 at 1–2).

[20] *See supra* n.9.

hard drive to Ms. Mell. (*Id.* at 1.) Second, Ms. Mell's counsel states the Government agreed to return "Notes from Mell's wife" and requests these notes be returned to Ms. Mell rather than Mell because these were her notes, not Mell's. (*Id.*) Mell and the Government do not appear to oppose Ms. Mell's request.

The Court concludes the Lacie external hard drive (serial number 15661310241814QR) and the "notes from Mell's wife" (*see* ECF No. 196) should be returned to Ms. Mell rather than Mell, and neither Mell nor the Government object to this. Therefore, Ms. Mell's letter request (ECF No. 196) is **GRANTED**.

### C. KRM Trust's Motion

On December 8, 2023, KRM Trust filed a motion in further support of Mell's Motion. (ECF No. 214.) Specifically, KRM Trust seeks the return of Mell's cell phones, or, alternatively, a copy of their contents—namely, the communications between Mell and B.B. and between Mell and B.B.'s mother—which evidence it states is "crucial" to prosecuting recently added claims[21] in the State Court Action. (ECF No. 214-1 at 1, 5–9.) KRM Trust argues it is seeking this information "so it can assert its own defenses and third-party claims" in the State Court Action. (*Id.* at 2.) KRM Trust notes Mell consents to its motion. (*Id.* at 9–10.) KRM Trust also contends the Government's arguments in opposition to Mell's Motion do not apply to it because it was not a party to the criminal action or plea agreement and is therefore not subject to Mell's waiver of his right to the

---

[21] KRM Trust asserts the state court recently permitted the defendants in the State Court Action (including KRM Trust, Mell, and Ms. Mell) to implead and assert claims against B.B.'s parents for their alleged complicity in B.B.'s relationship with Mell. (ECF No. 214-1 at 1–2.) KRM Trust contends the information on Mell's cell phones is critical to these recently added claims because it believes they contain numerous communications between Mell and B.B., as well as communications between Mell and B.B.'s mother, that purportedly show "she was aware of, and actually encouraged, [B.B.'s] spending significant, unsupervised time alone with Mr. Mell, even after being made aware of his relationship with [B.B.'s] then-17-year-old sister." (*Id.* at 2.)

forfeited property. (*See id.* at 2.) Additionally, KRM Trust asserts the Government would not suffer any prejudice, but that it will be severely prejudiced if it is not able to obtain this discovery it needs to prosecute its claims in the State Court Action. (*Id.* at 2, 10–11.)

Ms. Mell joins KRM Trust's Motion. (ECF No. 217.) Like KRM Trust, Ms. Mell also seeks the return of Mell's cell phones—specifically, the communications between Mell and B.B. and between Mell and B.B.'s mother—stating these contain evidence relevant to the State Court Action and information to support Ms. Mell's affirmative claims and defenses in the State Court Action. (*Id.* at 1–2.)

Here, the Court concludes KRM Trust and Ms. Mell have not shown they are entitled to Mell's cell phones under Rule 41(g). KRM Trust and Ms. Mell are seeking this property for evidentiary purposes—to assist with their claims and defenses in the State Court Action—and most of their arguments are focused on why this evidence is relevant to the State Court Action and why they need it for discovery in the State Court Action. However, Rule 41(g) is a not a discovery tool. *See United States v. Riccardi*, 857 F. App'x 472, 475 (10th Cir. 2021) ("The bulk of [appellant's Rule 41(g)] motion and reply focused on issues relevant not to a Rule 41(g) motion, but to making speculative arguments about prosecutorial misconduct. . . . Rule 41(g) is not a discovery tool."). Additionally, KRM Trust and Ms. Mell do not contend they have no other option or discovery mechanism to obtain this information outside of a Rule 41(g) motion. (*See* ECF No. 214-1 at 6–7 (noting KRM Trust served a subpoena dated April 27, 2023 on the FBI to obtain the information from Mell's cell phones, after which the Government reached out to KRM Trust's counsel and suggested the parties wait until the Court ruled on Mell's Motion before further pursuing Mell's cell phones); ECF No. 214-3, Exs. F & G.) KRM Trust also asserts if the Court finds a relevancy analysis is necessary and prefers the parties litigate this issue before the state court, it "will do so

and will work with the Government and counsel in implementing the necessary measures/protocol for that process to occur." (*See id.* at 10.)

Moreover, neither KRM Trust nor Ms. Mell have shown they have a legal right to Mell's cell phones. *Cf. Chaim v. United States*, 692 F. Supp. 2d 461, 470–71 (D.N.J. 2010) ("In the event the third party can establish 'a legal right, title, or interest' in the property superior to the defendant, the order of forfeiture is amended and the property returned to the third-party. Ownership by the innocent third party is all that must be shown. This is because the purpose of criminal forfeiture statutes is to punish the *criminal defendant* for criminal conduct. If the third party petitioner has a superior right to the property, it is *that* party that is being punished by the forfeiture, not the defendant." (citations omitted)). But even assuming KRM Trust and/or Ms. Mell have a legal right, title, or interest in Mell's cell phones, Rule 41(g) is not the proper vehicle to seek the relief they are seeking here. *See United States v. Raspino*, 295 F. App'x 486, 488 (3d Cir. 2008) (stating 21 U.S.C. § 853(n)[22] provides the exclusive means by which third parties can assert their interest in

---

[22] Section 853(n) provides:

> (1) Following the entry of an order of forfeiture under this section, the United States shall publish notice of the order and of its intent to dispose of the property in such manner as the Attorney General may direct. . . .
> (2) Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury. . . .
> (6) If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that--
>> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the

16

criminally forfeited property); *DSI Assocs. LLC v. United States*, 496 F.3d 175, 183 (2d Cir. 2007)

("It is [] well settled that section 853(n) provides the exclusive means by which a third party may

lay claim to forfeited assets—after the preliminary forfeiture order has been entered."); *Bongiorno*

*v. United States*, Civ. A. No. 22-cv-02900, 2023 WL 7648621, at *1 (2d Cir. Nov. 15, 2023)

("[Appellant] has failed to cite any authority for the proposition that a third party may invoke Rule

41(g) to collaterally attack a final order of forfeiture, and we are aware of none. Indeed, the law is

clear that the *only* way a third party may challenge a post-indictment forfeiture order is through an

ancillary proceeding under section 853(n), which [appellant] declined to pursue."). KRM Trust

and Ms. Mell do not cite any legal authority to the contrary. Tellingly, KRM Trust does not cite to

any cases or other legal authority anywhere in its motion. (*See* ECF No. 214-1.) Ms. Mell also

does not cite any legal authority in her joinder to KRM Trust's Motion. (*See* ECF No. 217.)

Therefore, KRM Trust's Motion (ECF No. 214) is **DENIED**.

IV.    **CONCLUSION**

For the reasons set forth above, Mell's Motion to Return All Property Seized by the United

---

defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

(B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;

the court shall amend the order of forfeiture in accordance with its determination.

(7) Following the court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in paragraph (2) for the filing of such petitions, the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee.

21 U.S.C. § 853(n) (2009).

States Government Pursuant to Federal Rule of Criminal Procedure 41(g) (ECF No. 188) is **GRANTED IN PART and DENIED IN PART**, Ms. Mell's letter request related to Mell's Motion (ECF No. 196) is **GRANTED**, and KRM Trust's Motion in further support of Mell's Motion (ECF No. 214) is **DENIED**. An appropriate Order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  January 22, 2024