<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

<table>
<tr><td>

UNITED STATES OF AMERICA,

                Plaintiff,

v.

STEVEN BRADLEY MELL,

                Defendant.

</td><td>

Case No. 2:18-cr-00757 (BRM)

**OPINION**

</td></tr>
</table>

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* Defendant Steven Bradley Mell's ("Mell") Motion for Reconsideration. (ECF No. 225.[1]) Having reviewed the submissions filed in connection with the Motion and having declined to hold oral argument, for the reasons set forth below and for good cause having been shown, Mell's Motion for Reconsideration (ECF No. 225) is **DENIED**.

    **I.**     **BACKGROUND**

On June 17, 2019, Mell pled guilty to an Information charging him with (1) receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2), and (2) interstate travel to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b). (ECF Nos. 41, 43.) As part of his plea agreement, Mell agreed to forfeit certain items seized (the "Forfeitable Property"[2]). (ECF No. 43

---

[1] Mell filed an exhibit in support of his Motion under seal. (*See* ECF No. 226.)

[2] Specifically, the Forfeitable Property includes: (1) one Dell Dimension computer, serial number BSCMK11; (2) one Dell Precision computer, serial number C9TSTR1; (3) one black iPhone 8, model A1863, IMEI: 356699085317740; (4) two Cruzer Micro 512MB thumb drives; (5) one Garmin Navdata device in a white envelope; (6) one DVR UMAX FLEX "Main House," VMC161412320217; (7) one DVR UMAX FLEX "Barn," VMC161413030206; (8) one iPhone, IMEI 358813054826346; (9) one Apple MacBook Pro, serial number C2VF8M3XDH2G; (10)

at 5; *see also* ECF No. 186 (Final Order of Forfeiture).) Mell "agree[d] to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal." (ECF No. 43 at 5.)

Mell previously filed a Motion to Return All Property Seized by the United States Government Pursuant to Federal Rule of Criminal Procedure 41(g) ("Rule 41(g) motion"). (ECF No. 188.) On January 22, 2024, the Court granted in part and denied in part Mell's Rule 41(g) motion. (ECF Nos. 221, 222.) Mell subsequently filed a supplemental letter request and exhibits in further support of his Rule 41(g) motion (ECF No. 223[3]), which request the Court denied as moot because it received these supplemental filings after it issued the Opinion and Order granting in part and denying in part Mell's Rule 41(g) motion (ECF No. 224). On February 6, 2024, Mell filed a Motion for Reconsideration. (ECF No. 225.[4]) Among other things, Mell asserts "the Court was unable to consider the new evidence submitted by Mell." (*Id.* at 2.)

## II.   LEGAL STANDARD

While not expressly authorized by the Federal Rules of Criminal Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i), and the Local Civil Rules supplement the Federal Rules of Criminal Procedure "and are applicable in all proceedings when not inconsistent therewith." L. Civ. R. 1.1(a). *See Dunn v. Reed Grp., Inc.*, Civ. A. No. 08-01632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). "[R]econsideration is an extraordinary remedy that is granted 'very sparingly.'" *Brackett v. Ashcroft*, Civ. A. No. 03-03988, 2003 WL

---

one Dell Inspiron 1800, model PPO1X; and (11) one 8G SanDisk Memory Vault, serial number 113701300199. (ECF No. 186 at 6.)

[3] Mell's letter is dated January 22, 2024, but was docketed on January 25, 2024. (ECF No. 223.)

[4] Mell's Motion is dated January 31, 2024, but was docketed on February 6, 2024. (ECF No. 225.)

22303078, at *2 (D.N.J. Oct. 7, 2003) (quoting *Interfaith Cmty. Org. v. Honeywell Int'l Inc.*, 215 F. Supp. 2d. 482, 507 (D.N.J. 2002)); *see also Langan Eng'g & Envtl. Servs., Inc. v. Greenwich Ins. Co.*, Civ. A. No. 07-02983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining that a motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[] are to be granted 'sparingly'" (citation omitted)); *Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005) ("Relief under [Local Civil] Rule 7.1(i) will be granted 'very sparingly.'" (citation omitted)).

A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001) (citation omitted). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked[.]" L. Civ. R. 7.1(i); *see also Bowers v. Nat'l Collegiate Athletic Ass'n,* 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule."). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Danise v. Saxon Mortg. Servs. Inc.*, 738 F. App'x 47, 52 (3d Cir. 2018) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A court commits clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. v. Penson Fin.*

*Servs., Inc.*, Civ. A. No. 09-04590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (*citing United States v. Grape*, 549 F. 3d 591, 603–04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L. Civ. R. 7.1(i).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 352); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Schiano v. MBNA Corp.*, Civ. A. No. 05–1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process." (citations omitted)).

### III.   DECISION[5]

To the extent Mell seeks reconsideration of the Court's January 22, 2024 Order (ECF No. 222), reconsideration is **DENIED**. Mell has not demonstrated "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café*, 176 F.3d at 677. Mell asserts "the Court may have over-looked or err [*sic*] in its ruling dated January 22, 2024" but does not specify what he thinks the Court

---

[5] "Motions for reconsideration are appropriately filed in Rule 41(g) proceedings," and denial of such motions are reviewed for abuse of discretion. *United States v. Pitts*, 639 F. App'x 105, 107 n.2 (3d Cir. 2016) (citations omitted).

overlooked, and he does not point to any clear error of law or fact. (*See* ECF No. 225 at 2.) Rather, Mell argues "the government cannot demonstrate there was any illegal contraband on the seized [and forfeited] property." (*Id.* at 3; *see also* ECF No. 223 at 3 ("The government refused to produce Mell's property for one reason, and one reason only. Mell's property will **NOT** produce any pornographic photographs nor implicate Mell in any other illegal criminal activity.").) Mell contends certain of the forfeited property "never did contain contraband or illegal material" and are not "traceable" to any crime. (ECF No. 225 at 6; *see also id.* at 4–7.) However, these arguments do not constitute grounds for reconsideration. Nothing Mell states in his Motion changes the fact that he forfeited this property to the Government as part of his plea agreement and "agree[d] to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal." (ECF No. 43 at 5.) Indeed, Mell does not argue otherwise. (*See* ECF No. 225.)

Separately, Mell asserts he "completely disagrees with the Court's assumptions" in footnote 17 of its January 22, 2024 Opinion, wherein the Court noted "Mell is *not* filing a motion to vacate or set aside his forfeiture, nor is he claiming he was not provided sufficient notice of the forfeiture." (ECF No. 225 at 3; ECF No. 221 at 10 n.17.) Mell asserts he "is in fact challenging his forfeiture[,]" though he acknowledges he "may not have correctly cited the proper authority." (ECF No. 225 at 3.) Mell argues his "due process was violated pursuant to the Fourth, Fifth, and Fourteenth Amendments" and his ex-wife's and children's rights were similarly violated. (*Id.*) To the extent Mell is attempting to challenge his forfeiture, that request is denied as not properly brought before the Court.

"[A] criminal forfeiture is part of the defendant's sentence and must be challenged on direct appeal or not at all." *United States v. Noyes*, 557 F. App'x 125, 127 (3d Cir. 2014) (alteration

in original) (citations omitted). "Generally, a [Rule 41(g)] motion is properly denied '*if . . . the property is* contraband or *subject to forfeiture* or the government's need for the property as evidence continues.'" *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999) (citation omitted) (emphasis added). "[N]either a Rule 41(g) motion nor a civil action under 18 U.S.C. § 983(e) is a proper vehicle for collaterally challenging a criminal judgment of forfeiture." *Winkelman v. United States*, 494 F. App'x 217, 220 n.4 (3d Cir. 2012). *See, e.g.*, *United States v. Bernard*, 537 F. App'x 72, 74 (3d Cir. 2013) (concluding the district court lacked jurisdiction to consider the appellant's motion "as it was not a proper Rule 41(g) motion for return of property" because it "did not seek return of other property that was not subject to the forfeiture order; rather, it was a challenge to the forfeiture order itself, and 'is best seen as an improper attempt to challenge a component of his sentence.'" (citations omitted)); *Winkelman*, 494 F. App'x at 220 (concluding appellant was not entitled to the relief he sought—*i.e.*, "the return of his interest in the Sovereign Bank account that was forfeited to the United States as part of his criminal judgment"—because while "[he] challenge[d] the Government's and his counsel's conduct in connection with the pre-trial restraint of his bank account[,] [t]hat account was later forfeited, [] and the forfeiture [was] now part of [his] criminal judgment"; therefore, "to obtain return of his interest in the account, [he] must first succeed in invalidating his judgment[,]" and "[t]he usual way of seeking to do so is by pursuing a direct appeal, which [he] chose to forgo").

Here, the Court understands Mell is not seeking to invalidate his judgment. Mell asserts he is not challenging his criminal conviction and "is not using his [Rule] 41(g) motion for any other reason except to have his seized property returned and secure his families [*sic*] memorabilia." (*See* ECF No. 225 at 2.) Instead, Mell argues the forfeited property does not contain any contraband or illegal material on it and that his due process rights were violated with respect to the property

subject to forfeiture. However, these arguments do not state a basis to invalidate his criminal judgment and likewise do not show grounds for reconsideration. Consistent with Third Circuit precedent, Mell cannot challenge a forfeiture that is part of a criminal judgment without first succeeding in invalidating the judgment, which he has not done. *See Winkelman*, 494 F. App'x at 220. Mell previously filed (1) a motion for relief under 28 U.S.C. § 2255, which motion was withdrawn on December 28, 2020, and (2) a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), which the Court denied on December 21, 2022. (*See* No. 20-cv-02277, ECF Nos. 1, 44, 46, 51.) To the Court's knowledge, Mell "has not since sought leave from the Third Circuit to file any second or successive petitions pursuant to 28 U.S.C. §§ 2244(b) and 2255(h)." *See Garcia v. United States*, Civ. A. No. 19-18537, 2020 WL 3046294, at *2 (D.N.J. June 2, 2020). Accordingly, like in *United States v. Bernard*, Mell's Motion is essentially a challenge to the Final Order of Forfeiture, which is "an improper attempt to challenge a component of his sentence." *See Bernard*, 537 F. App'x at 74; *United States v. Gatson*, No. 13-0705, 2019 WL 5420289, at *1 (D.N.J. Oct. 21, 2019) ("When property is forfeited criminally, the forfeiture is part of the defendant's sentence and may only be challenged on direct appeal. . . . To the extent [the defendant's] motion pursuant to Rule 41(g) is a challenge to this Court's June 30, 2016 final order of forfeiture, it is an improper attempt to challenge a component of his sentence." (citations omitted)).

The Court has considered Mell's filings in support of his Motion (ECF Nos. 223, 225, 226) and concludes nothing in these filings demonstrates a ground for reconsideration of the Court's January 22, 2024 Order (ECF No. 222). "Mere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld*, 161 F. Supp. 2d

at 352). Therefore, Mell's Motion for Reconsideration (ECF No. 225) is **DENIED**.[6]

IV.   **CONCLUSION**

For the reasons set forth above, Mell's Motion for Reconsideration (ECF No. 225) is

**DENIED**. An appropriate Order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  February 28, 2024

---

[6] In his Motion, Mell also renews his request for an evidentiary hearing (*see* ECF No. 225 at 9), but in light of the Court's denial of Mell's Motion for Reconsideration, this renewed request for an evidentiary hearing is **DENIED AS MOOT**.