**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>STEVEN BRADLEY MELL,<br><br>  Defendant. | Case No. 2:18-cr-00757 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* Defendant Steven Bradley Mell's ("Mell") Motion to Compel Compliance (ECF No. 231 (the "Motion to Compel")) with this Court's prior Order to Return All Property Seized by the United States Government Pursuant to Federal Rule of Criminal Procedure 41(g) (ECF No. 222), as well as Mell's Motion to Unseal the Motion to Compel (ECF No. 234 (the "Motion to Unseal")). The United States of America (the "Government") filed an opposition (ECF No. 237), and Mell filed a reply (ECF No. 241).

Having reviewed the parties' submissions filed in connection with the motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Mell's Motion to Compel (ECF No. 231) is **DENIED AS MOOT** and his Motion to Unseal (ECF No. 234) is **DENIED**.

**I.     BACKGROUND**

On June 17, 2019, Mell pled guilty to an Information charging him with (1) receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2), and (2) interstate travel to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b). (ECF Nos. 41, 43.) As part of his plea

agreement, Mell agreed to forfeit certain items seized including "all property, real and personal, used or intended to be used to commit or to promote the commission of the offenses charged in the Information and all property traceable to such property" (collectively, the "Forfeitable Property"[1]). (ECF No. 43 at 5; *see also* ECF No. 186 (Final Order of Forfeiture[2]).) Mell "agree[d] to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal." (ECF No. 43 at 5.) Mell also waived any and all claims this forfeiture constituted an excessive fine and agreed this forfeiture did not violate the Eighth Amendment. (*Id.*) On June 18, 2019, the Court sentenced Mell to eighty-four months of imprisonment, followed by five years of supervised release. (ECF No. 45.) Until November 13, 2024, Mell was incarcerated at FCI Fort Dix (ECF No. 211), at which point he was released to a halfway house in Newark, New Jersey, under conditions of home confinement (ECF No. 246).

---

[1] Specifically, the Forfeitable Property includes: (1) one Dell Dimension computer, serial number BSCMK11; (2) one Dell Precision computer, serial number C9TSTR1; (3) one black iPhone 8, model A1863, IMEI: 356699085317740; (4) two Cruzer Micro 512MB thumb drives; (5) one Garmin Navdata device in a white envelope; (6) one DVR UMAX FLEX "Main House," VMC161412320217; (7) one DVR UMAX FLEX "Barn," VMC161413030206; (8) one iPhone, IMEI 358813054826346; (9) one Apple MacBook Pro, serial number C2VF8M3XDH2G; (10) one Dell Inspiron 1800, model PPO1X; and (11) one 8G SanDisk Memory Vault, serial number 113701300199. (ECF No. 186 at 6.)

[2] On December 20, 2018, the Court issued a Preliminary Order of Forfeiture as to Specific Property, which was a final order as to Mell, but allowed third parties to claim interest in the property. (ECF No. 31.) The Government subsequently received a request from Kimberly Ruggles Mell ("Ms. Mell") to return a seized Lacie external hard drive (serial number 15661310241814QR) to her, and after receiving that letter, the Government submitted a Partial Vacatur of the Preliminary Order of Forfeiture to allow this hard drive to be returned to her. (ECF No. 51; *see also* ECF No. 182 (Ms. Mell's application to the Court seeking return of this Lacie hard drive and noting the Government consented to her application).) On January 24, 2023, the Court issued a Partial Vacatur of the Preliminary Order of Forfeiture as to Specific Property to allow for the return of the Lacie hard drive to Ms. Mell (ECF No. 185) and a Final Order of Forfeiture as to Specific Property as to Mell (ECF No. 186).

On March 2, 2023, Mell filed a Motion to Return All Property Seized by the United States Government Pursuant to Federal Rule of Criminal Procedure 41(g) (the "41(g) Motion").[3] (ECF No. 188.) After several rounds of briefings and submissions by Mell and the Government, as well as letters and motions by non-parties (ECF Nos. 192, 195, 196, 202, 203, 205, 206, 207, 209, 216, 218, 219), this Court granted in part and denied in part Mell's 41(g) Motion on January 24, 2024 (ECF Nos. 221, 222) (the "January 2024 Order"). Mell then filed a Motion for Reconsideration (ECF No. 225), which the Court denied on February 28, 2024 (ECF Nos. 229, 230).

On July 1, 2024,[4] Mell filed the Motion to Compel. (ECF No. 231.) On July 15, 2024,[5] Mell filed a letter and attached exhibit in support of the Motion to Compel. (ECF No. 232.) On July 30, 2024, Mell filed the Motion to Unseal. (ECF No. 234.) The Government submitted a letter in opposition to the Motion to Compel on August 23, 2024, which also addressed the Motion to Unseal. (ECF No. 237.) Mell replied to the Government's opposition on September 16, 2024.[6] (ECF No. 241.)

## II. DECISION

### A. Motion to Compel

In his Motion to Compel, Mell asks the Court to rectify what he believes is the Government's incomplete compliance with the January 2024 Order, specifically the section directing the Government to return "'cards, letters, and notes' purportedly exchanged with 'other

---

[3] The 41(g) Motion is dated February 16, 2023, but was docketed on March 2, 2023. (ECF No. 188.)

[4] The Motion to Compel is dated June 24, 2024, but was docketed on July 1, 2023. (ECF No. 231.)

[5] The letter is dated July 10, 2024, but was docketed on July 15, 2024. (ECF No. 232.)

[6] This response is dated September 6, 2024, but was docketed on September 16, 2024. (ECF No. 241.)

potential female victims who may have been minors at the time [of] the communications'" but who are not the victim referenced in the Information to which he pled guilty. (ECF No. 231 at 1, 3.) Mell contends the Government returned only a portion of the cards, letters, and notes he recalls were stored in a box seized by the Government and has not responded to his inquiry into the whereabouts of missing items. (*Id.* at 5.) In support, Mell cites another instance where he argues the Government "ignored" the Court's orders, prompting the Court to issue a text order directing the Government to respond by a date certain. (*Id.* at 3 (citing ECF No. 231-3 (Ex. F)).) Mell therefore asks the Court to order the Government produce any withheld cards, letters, and notes, as well as an inventory log from Mell's arrest in May 2018. (*Id.* at 5.)

The Government contends the Court should deny Mell's Motion to Compel as moot because the Government fully complied with the January 2024 Order and returned the relevant cards, letters, and notes in its possession. (ECF No. 237 at 1.) The Government states it "promptly identified [and] organized . . . the materials subject to the January 2024 Order" and sent those materials to Mell's counsel and a family member, respectively, in accordance with the Order and communications with Mell, and without "withhold[ing] or otherwise exercis[ing] any discretion" as to the materials returned. (*Id.* at 3.) The Government provides proofs-of-delivery showing the packages containing the materials were shipped on April 16, 2024, and delivered on April 17, 2024. (*Id.* (citing Exs. A, B).) The Government also argues Mell's recollection of additional seized cards, letters, and notes falling within the criteria outlined in the January 2024 Order "is of no moment" because the Government returned any items meeting the criteria in its possession and "cannot return what it does not have." (*Id.* at 2.) In particular, the Government asserts all the materials meeting the January 2024 Order's guidelines were logged as item numbers 5, 16, and 23 when seized from Mell's premises pursuant to a search warrant, and these item numbers were in

4

the package returned to Mell's counsel. (*Id.* (citing Ex. C.).)

In response, Mell contends there is video recording from a CCTV camera at Mell's residence which would show law enforcement officers retrieving the box in question and demonstrate there were more cards, letters, and notes contained therein than were returned to Mell.[7] (ECF No. 241 at 2.) Mell also emphasizes the Government failed to address his request for "a complete and accurate list of all items the Government seized from Mell's property." (*Id.* at 3.) Finally, Mell contends the Government's description of the items it returned as "meet[ing] the criteria outlined in the January 2024 Order" demonstrates other cards, letters, and notes exist, and Mell argues none of them relate to the victim in the Information. (*Id.*)

When a party's compliance with a court order is challenged, the court may find the party in contempt of the order when three elements are proven by "clear and convincing evidence": "(1) a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order." *Sandoz, Inc. v. United Therapeutics, Corp.*, Civ. A. No. 3:19-10170G, 2020 WL 3567287, at *4 (D.N.J. June 30, 2020) (quoting *John T. ex rel. Paul T. v. Del. Cnty. Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003)). Though Mell does not explicitly ask the Court to find the Government in contempt, his request sounds in contempt, and a district court has "*inherent* authority" to rectify "abuse of the judicial process." *Id.* (quoting *In re Cendant Corp.*, 260 F.3d 183, 199 (3d Cir. 2001)). Even if the court finds this test is met, a party may raise a defense of substantial compliance by showing "it (1) has taken all reasonable steps to comply with the valid court order, and (2) has violated the order in a manner that is merely 'technical' or 'inadvertent.'" *Id.* at *7 (quoting *F.T.C. v. Lane Labs-USA, Inc.*, 624 F.3d 575, 591 (3d Cir. 2010)).

---

[7] Mell contends he requested the return of this footage, and the Court denied this request. (ECF No. 241 at 2.) The Court will not reexamine the propriety of this ruling.

The Court denies the Motion to Compel as moot because the Court concludes the Government has complied with the January 2024 Order's direction to return "'cards, letters, and notes' purportedly exchanged with 'other potential female victims who may have been minors at the time the communications.'" (ECF No. 222 at 3.) The Government describes a diligent process for locating and returning the cards, letters, and notes this Court ordered it to return to Mell and provides proofs-of-delivery of the materials, as well as a receipt for property with descriptions of the cards, letters, and notes.[8] (*Id.*) Other than his recollection that additional materials were kept in a seized box, Mell has provided no reason for the Court to believe the Government disobeyed the January 2024 Order in this respect. While Mell asserts there is surveillance footage of the law enforcement seizure of his property that would show the search of the alleged box, even if this footage exists, it is highly improbable it would demonstrate the Government improperly retained any materials. As the January 2024 Order requires the return of materials "exchanged with 'other potential female victims'" (ECF No. 222 at 3), it necessitates reviewing the substance of those materials to see who the sender or recipient was. But surveillance footage, likely from a camera positioned to capture the entire space, would not permit the viewer to make this assessment. Mell's argument that the Government must produce an itemized list of everything seized is also unavailing, as this was not a requirement of the January 2024 Order. Even assuming, *arguendo*, the Government was, in some respect and for some reason, unable to comply with all the terms of the January 2024 Order, it is clear the Government took reasonable steps to comply, and any violation was "technical or inadvertent." *Sandoz*, 2020 WL 3567287, at *7 (quotations omitted).

As the Government represents it no longer has materials relevant to the "cards, letters, and

---

[8] The receipt for property describes the returned items as "greeting cards from [redacted] and [redacted]"; "reddish/orange sticky note with writing"; and "cards and notes from [redacted] & [redacted]". (ECF No. 237-3.)

notes" provision of the January 2024 Order, the Motion to Compel is denied as moot.

### B. Motion to Unseal

Mell also seeks to unseal his Motion to Compel and the accompanying exhibits, as he contends nothing in the filing warrants sealing from the public. (ECF No. 234 at 1–2.) Mell argues everything in the Motion to Compel filing "has either been previously noted in other public filings" or discussed with the Court, though he acknowledges "there may be a need to redact a name or something to that [e]ffect." (*Id.*) While Mell asserts his belief the Government was responsible for sealing the Motion to Compel (*id.*), the Government notes it did not request this filing be sealed; rather, the filing "was sealed by the Court without input from the Government due to concerns about the disclosure of personally identifiable information" (ECF No. 237 at 4 n.3). The Government does not appear to oppose the Motion to Unseal. (*Id.*)

District of New Jersey Local Civil Rule 5.2.17 prescribes that "sensitive information should not be included in any document filed unless the Court orders otherwise." In accordance with Federal Rule of Civil Procedure 5.2(a) and Federal Rule of Criminal Procedure 49.1(a), "the name of an individual known to be a minor" qualifies as sensitive information, and the file may only list the minor's initials. *Id.* While Mell attempted to redact sensitive information related to minor individuals in his Motion to Compel and exhibits by crossing them out (*see, e.g.* ECF No. 231-3, Ex. K), the names remain legible in several places. Therefore, the Motion to Compel does not conform to the requirements of L.Civ.R. 5.2.17, and Mell's Motion to Unseal is denied without prejudice. If Mell still wishes to unseal the Motion to Compel, though the Court is denying it as moot, *see supra*, he may submit a properly redacted copy to the Court.[9]

---

[9] In a letter to the Court dated September 24, 2024, Mell inquired after the following docket entries in his case that he characterized as "missing: 33, 75, 81, 84, 99, 110, 114, 121, 126, 133, 137, 142, 144, 145, 146, 148, 151, 152, 153, 165, 175, 177, 185, 186, 215, 226[.]" (ECF No. 243 at 1.) The

### III. CONCLUSION

For the reasons set forth above, Mell's Motion to Compel Compliance with ECF No. 222 (ECF No. 231) is **DENIED AS MOOT** and the Motion to Unseal (ECF No. 234) is **DENIED**. An appropriate Order follows.

                                                     */s/ Brian R. Martinotti*
                                                     **HON. BRIAN R. MARTINOTTI**
                                                     **UNITED STATES DISTRICT JUDGE**

Dated: January 13, 2025

---

Court has reviewed these entries and finds they are present on the docket, but the vast majority are sealed, and some were sealed at the request of Mell's counsel. The Court will not reexamine the merits of sealing these docket entries. If Mell wishes to obtain copies of any sealed materials, he may contact the Clerk of Court.